UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MEGAN SAYLER**                                                                                          PLAINTIFF

v.                                                                                                             5:25-cv-86-BJB

**S.E.W. ENTERPRISES, INC., ET AL.**                                                        DEFENDANTS

\* \* \* \* \*

<u>SUPPLEMENTAL BRIEFING ORDER</u>

      This lawsuit concerns the efforts of Megan Sayler to benefit from a CARES Act-related tax credit enacted after she sold her S.E.W. stock but applied to the tax year before the sale.  Sayler's lawsuit seeks two remedies from her former corporation and its two other shareholders: a declaration that she should benefit from the credit, and damages in the amount of her pro rata share based on the Defendants' alleged breach of the implied contractual duty of good faith and fair dealing.

      But a threshold question is whether declaratory relief is available here, given the Declaratory Judgment Act's express exception for controversies involving federal taxes.  28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added).  Although no party raises that issue, courts have given it an expansive interpretation to bar suits that restrain the assessment or collection of any tax.  *See CIC Services, LLC v. IRS*, 593 U.S. 209, 218 (2021) ("The [Tax] Anti-Injunction Act kicks in when the ['relief requested'] … runs against the 'collection or assessment of [a] tax.'") (quoting *Alexander v. Americans United Inc.*, 416 U.S. 752, 761 (1974)); *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013) ("Because 'the federal tax exception to the Declaratory Judgment Act is at least as broad as the [Tax] Anti-Injunction Act,'" the "former statute" cannot be used "to get around the latter.") (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974)).

      According to the complaint, whose allegations the Court assumes to be true at this early stage, Sayler sold her stock in S.E.W. Enterprises, a Kentucky S-Corporation and co-defendant in this case, to the individual Defendants, Mykel Tidwell and Brittany Sullivan.  The sale occurred in 2022, when Tidwell and Sullivan were the only other S.E.W. shareholders apart from Sayler.  *See* Complaint (DN 1) ¶ 16.  About a year later, Tidwell and Sullivan filed an amended tax return to claim a previously unavailable tax credit against payroll expenses for the 2021 tax year.

¶¶ 23, 25. Because she held shares of S.E.W. Enterprises during the tax-filing period, Sayler says she is entitled to a pro rata share of that credit as well as consequential damages from the Defendants' implied breach of contract. ¶¶ 35, 40.

The Defendants have all moved to dismiss on the ground that Sayler lacks any legal right to any portion of the credit: as a matter of law, payroll-tax credits don't pass through to shareholders. *See* Reply in Support of Motion to Dismiss (DN 13) at 7, 9–11 (citing 26 U.S.C. § 1366(a)–(b); I.R.S. Notice 2021-49 (Aug. 4, 2021)). Any downstream entitlement from the credit, moreover, would be governed by the parties' Stock Purchase Agreement, which says nothing about post-sale distributions of tax credits. *Id.* at 3, 12.

Before addressing the dispute as the parties have framed it, the Court must assess a threshold question: subject-matter jurisdiction. The Declaratory Judgment Act authorizes federal courts to issue declaratory judgments "except with respect to Federal taxes." 28 U.S.C. § 2201(a). And the Tax Anti-Injunction Act correspondingly provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 28 U.S.C. § 7421(a). Operating in tandem, these statutes create an "expansive" bar to federal jurisdiction. *Morris*, 540 F. App'x at 480.

That rule arguably applies to Sayler's lawsuit. Her lawsuit expressly invokes what she sees as the improper application of federal tax law to her detriment. *See* Complaint ¶ 7 ("This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 because the dispute arises under the laws of the United States, namely the right to federal tax credits created by act of Congress and provided by the Internal Revenue Service."). This attempt to recast S.E.W.'s tax filing as one that should've led to a credit in her favor—which presumably would've offset her own tax liabilities alongside the other shareholders'—could at least indirectly affect her own return as well as the Defendants'. *See* Response to Motion to Dismiss (DN 12) at 6–7 (citing *Daljaco, Inc. v. Baugh*, No. 1414, Sept. Term, 2023, 2024 WL 4579103 (Md. Ct. Spec. App. Oct. 25, 2024)).† And if the declaratory judgment lies outside this Court's jurisdiction, no other federal question or other jurisdictional hook would appear to authorize Sayler to proceed in federal court on a state-law breach-of-contract claim.

Neither party has so far addressed this jurisdictional issue. And the Court, of course, must assure itself of its subject matter jurisdiction. *See, e.g.*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02 (1998). Consistent with this

---

† Notably, after Sayler filed her response, the Appellate Court of Maryland reversed the lower court's summary-judgment order based in part on jurisdictional limits similar to those discussed above. *See Daljaco, Inc. v. Baugh*, 268 Md. App. 182, 206–14 (2025).

duty, and the benefits of adversarial presentation, the Court directs the parties to file simultaneous supplemental briefs, no later than **March 6, 2026**, addressing whether the Court has jurisdiction to hear this dispute and grant the relief Sayler seeks.

Benjamin Beaton, District Judge
United States District Court

February 13, 2026